Francesco FOTI, a/k/a Frank Foti, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 482, Docket 27345.

United States Court of Appeals
Second Circuit.

Argued May 14, 1964.

Decided May 26, 1964.

James J. Cally, of Cally & Cally, New York City, for petitioner.

Roy Babitt, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., on the brief), for respondent.

Before KAUFMAN, HAYS and MAR-SHALL, Circuit Judges.

PER CURIAM:

The petitioner, who concedes that he is deportable, applied to the Attorney General for suspension of deportation on the ground of hardship. He seeks review here of the order of the Attorney General denying his application.

When this case was originally before this court, see Foti v. I. N. S., 308 F.2d 779 (2d Cir. 1962), cert. granted, 371 U.S. 947, 83 S.Ct. 503, 9 L.Ed.2d 496 (1963); see also Foti v. I. N. S., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), the issue was whether or not the Attorney General had abused his discretion in refusing to grant the application for suspension of deportation. Since that time Congress has amended the applicable statute, 8 U.S.C. (Supp. IV, 1959–1962) § 1254, to provide that discretionary suspension of deportation is unavailable to aliens who, like the petitioner, entered the United States as crewmen. See 8 U.S.C. § 1254(f) (1).

There can be no doubt that the new provision of the statute is applicable to the petitioner and that he is now ineligible for suspension of deportation. See Fassilis v. Esperdy, 301 F.2d 429 (2d Cir. 1962).

Remand of this case to the Attorney General would be a pointless formality since the Attorney General is required by the statute to deny petitioner's application. We therefore dismiss the petition.